UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEDGWICK INSURANCE AND
ANGELA SARAZIN,                                           Case No. 13-10485

        Plaintiffs,                                          Paul D. Borman
                                                          United States District Judge
v.
                                                          David R. Grand
F.A.B.E. CUSTOM DOWNSTREAM                                United States Magistrate Judge
SYSTEMS, INC.

        Defendant.
_____/

### ORDER: (1) DENYING PLAINTIFF ANGELA SARAZIN'S OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 25, 2014 ORDER (ECF NO. 42), AND (2) AFFIRMING THE MAGISTRATE JUDGE'S MARCH 25, 2014 ORDER (ECF NO. 41)

Now before the Court is Plaintiff Angela Sarazin's Objection to Magistrate Judge David R. Grand's March 24, 2014 Order Denying Plaintiff's Motion to Dismiss and/or to Strike Defendant F.A.B.E. Custom Downstream System, Inc's Notice of Non-party Fault. (Pl.'s Obj., ECF No. 42). Defendant F.A.B.E. Custom Downstream System, Inc. ("CDS") filed a response (ECF No. 43) and Plaintiff Sarazin then filed a reply (ECF No. 44).[1]

For the reasons that follow, the Court AFFIRMS the Magistrate Judge's Order (ECF No. 41) and DENIES Plaintiff Sarazin's Objection (ECF No. 42).

---

[1] The Court notes that this case was consolidated pursuant to a stipulation on August 16, 2013 (ECF No. 21), such that *Sedgwick Insurance v. CDS, Inc.*, case number 13-10485 was consolidated with *Angela Sarazin v. Custom Downstream Systems, Inc.*, case number 13-10492. Thereafter the caption in the action was amended to reflect the correct corporate name of the defendant, F.A.B.E. Custom Downstream Systems, Inc., that was misidentified in the pleadings as "Custom Downstream Systems, Inc." (ECF No. 26). Defendant CDS's Notice of Nonparty at Fault was filed on June 14, 2013. (Case No. 13-10492, ECF No. 11).

I. BACKGROUND

Magistrate Judge Grand's Order adequately sets forth the relevant factual background in this matter and the Court adopts that section of the Order here. (ECF No. 41 at 1-4).

II. STANDARD OF REVIEW

When a party objects to a magistrate judge's ruling on a non-dispositive matter, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have both held that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). The Court notes that this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994) (Table)). The "contrary to law" standard requires the district court employ "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as

found in the Constitution, statutes, or case precedent." *Glaser*, 785 F. Supp. at 686 (internal citation and quotation marks omitted).

## III. ANALYSIS

In the March 25, 2014 Order, the Magistrate Judge denied Plaintiff Sarazin's motion to dismiss and/or strike Defendant CDS's notice of non-party fault. The Magistrate Judge found that Defendant CDS had properly named Plaintiff Sarazin's employer and co-employee in the Notice and also that the Notice was timely and sufficient. Plaintiff Sarazin now raises one objection to the Magistrate Judge's Order, arguing that the Magistrate Judge's conclusion that an employer and co-employee subject to Worker's Disability Compensation Act's ("WDCA") exclusive remedy provision may be named as a non-party at fault, was contrary to Michigan law. *See* MICH. COMP. LAWS § 418.131. Particularly, Plaintiff Sarazin contends that the Magistrate Judge erred in his analysis of this legal issue because he relied upon unpublished and, therefore, not binding case law. Plaintiff Sarazin also appears to argue that the Magistrate Judge erred in finding that an employer owes a duty to its workers to maintain a reasonably safe workplace. (*See* Pl.'s Obj. at 9).

The Michigan comparative fault statutes provide that in a tort action for personal injury the liability of each person is allocated by the trier of fact "in direct proportion to the person's percentage of fault." MICH. COMP. LAWS § 600.2957(1); *see Jones v. Enertel, Inc.*, 245 Mich. App. 432, 434 (2002) ("As a result of the Legislature's 'fair share liability' system, each tortfeasor is responsible for a portion of the total damage award according to their percentage of fault.") (citation omitted). In assessing percentages of fault, "the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to

the action." MICH. COMP. LAWS § 600.2957(1). Section 600.2957(3) also explicitly recognizes that the comparative fault statutes:

> ...do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

MICH. COMP. LAWS § 600.2957(3).

Further, the comparative fault statutes provide that in "personal injury actions involving the fault of more than one person, the trier of fact must specifically determine the plaintiff's total damages and the percentage of fault attributed to all persons involved 'regardless of whether the person was or could have been named as a party to the action.'" *Jones*, 245 Mich. App. at 436 (quoting MICH. COMP. LAWS § 600.3404(1)(b)). The term "fault" is then defined in the statute as "an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party." MICH. COMP. LAWS § 600.6304(8). The Michigan Supreme Court has held that "proof of a duty *is* required 'before fault can be apportioned and liability allocated' under the comparative fault statutes, MCL 600.2957 and MCL 600.6304." *Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 20 (2009) (per curiam) (emphasis in original).

While these legal principles are not in dispute, Plaintiff Sarazin argues that her employer, Fagerdala USA-Marysville, Inc. ("Fagerdala") and "John Doe, the plant manager", Plaintiff's co-employee, fall under the WDCA's exclusive remedy provision and therefore cannot be

properly listed as nonparties at fault by Defendant CDS.[2]  Plaintiff Sarazin relies upon two cases for her theory, *Romain v. Frankenmuth Mutual Ins.*, 483 Mich. 18 (2009) (per curiam) and *Kopp v. Zigich*, 268 Mich. App. 258 (2005) (overruled in part by *Romain,* 483 Mich. at 20).

> The Magistrate Judge accurately and succinctly summarized the *Kopp* decision:
>
> In *Kopp*, the plaintiff was injured while delivering a hot tub for his employer.  He sued the owners of the residence based on premises liability, alleging negligence in maintaining their residence and in not warning him of known dangers.  The defendant filed a notice, identifying the plaintiff's employer as a nonparty at fault and alleging that the employer had failed to properly train the plaintiff in the delivery of hot tubs.  The plaintiff moved to strike the notice, and the trial court granted the motion, reasoning that a duty must exist before fault can be apportioned under the comparative fault statutes, and finding that plaintiff's employer did not owe him a duty because plaintiff's exclusive remedy against his employer was under the WDCA.
>
> The Court of Appeals disagreed, holding that under a plain reading of the comparative fault statutes, a court is required to award damages based on a proportional determination of a defendant's fault in relation to the plaintiff's total damages caused by all persons who contributed to the injury.  *Kopp*, 268 Mich. App. at 260.  Accordingly, the Court of Appeals held that the defendant "must have the opportunity to name [the plaintiff's employer] as a potential nonparty at fault and present evidence that [the employer] contributed to plaintiff's injuries." *Id*.  The Court of Appeals then stated that "a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated."  *Id*.

(ECF No. 41, Order at 9).

In *Romain*, the Michigan Supreme Court partially overruled *Kopp*, stating: "Specifically, we overrule the statement in *Kopp v. Zigich* that 'a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated.'" *Romain*, 483 Mich. at 20.  The Michigan Supreme Court clarified that "proof of duty *is* required

---

[2] The Court notes that while Fagerdala hired Plaintiff as a contract employee through a staffing agency, the parties do not contest that, for legal purposes, Fagerdala is considered Plaintiff's employer.

'before fault can be apportioned and liability allocated' under the comparative fault statutes ..." *Id*. at 21.

Plaintiff Sarazin argues in her objection, just as she did in her motion, that "[t]he proposition that an employer cannot be named as a non-party at fault is implicit within the Court's rulings in *Romain* and *Kopp*." (Obj. at 7). Plaintiff Sarazin reasons that the Supreme Court's decision in *Romain* only overruled the determination that a duty was not required and "essentially leaves the [trial court's] holding that an employer cannot be named as a non-party at fault as the only remaining viable principle that can be derived from *Kopp*." (Obj. at 8).

Defendant CDS also argues that the *Romain* decision only overturned the statement in *Kopp* that a duty was not required, but left standing the portion of *Kopp* that held pursuant to Mich. Comp. Law § 600.2957 and § 600.6304, a party may still be named as a nonparty for purposes of assessing fault, even if that party may not be sued. *See Kopp*, 268 Mich. App. at 260. Defendant CDS relies upon two unpublished cases for this interpretation, *Richardson v. Time Manufacturing*, No. 505CV27, 2005 WL 1923592 (W.D. Mich. Aug. 11, 2005) and *Schmeling v. Whitty*, Nos. 292190, 292740, 2011 WL 520539 (Mich. Ct. App. Feb. 15, 2011).

While decided prior to *Romain*, the *Richardson* decision is persuasive as it addresses the issue of whether an employer subject to the WDCA can be deemed a nonparty at fault. In *Richardson*, the court found that because "fault" is statutorily defined to include intentional conduct in addition to conduct that could give rise to strict liability, "the statute implicitly includes – as non-parties who may be assigned 'fault' – employers whose acts, omissions, or conduct have proximately caused a claimed injury." *Richardson*, 2005 WL 1923592, at *3-4. The *Richardson* court also noted that employers subject to the WDCA were not "expressly

excluded" from the fault allocations pursuant to §§ 600.2957 and 600.6304. *Id*.

In *Schmeling*, the Michigan Court of Appeals also addressed the pertinent issue now before this Court: whether an employer and coworker, subject to the WDCA's exclusive remedy, can be properly named as nonparties at fault. *Schmeling*, 2011 WL 520539 at *1. In *Schmeling*, the court first acknowledged *Romain* for the proposition that before a party can be named a nonparty at fault, it must be shown that person owed the plaintiff a duty. Then, the court held that:

> The existence of a duty turns on the relationship between the defendant and the person whose injury was allegedly caused by the defendant's act or failure to act. Essentially, the question of duty is a public-policy question of whether the defendant should be held responsible for the conduct or inaction in question. Although workers' compensation benefits are the exclusive *remedy* for an employee injured while working, it does not follow that employers and coemployees do not owe an employee any duty.
>
> A duty encompasses the type of behavior that the person in question must engage in, or refrain from, in order to avoid legal liability. A remedy, however, refers to the kind of relief a claimant may obtain, once the claimant has shown a breach of some duty. Critically, MCL 600.2957(1) and MCL 600.[6]304(1)(b) recognize this distinction by explicitly providing that a defendant can notice a nonparty at fault even though that nonparty could not be sued. In other words, a person *can* owe a duty to a plaintiff even when the plaintiff cannot recover any remedy from that person.

*Schmeling*, 2011 WL 520539, at *1-2 (internal citations omitted, emphasis in the original).

In the Report and Recommendation, the Magistrate Judge rejected Plaintiff Sarazin's interpretation of *Romain* and *Kopp*, finding that both Defendant CDS's argument and the reasoning in *Richardson* and *Schmeling* were more persuasive and on-point. (Report and Recommendation, at 9-12). Accordingly, the Magistrate Judge found that because Plaintiff Sarazin's employer had a duty rooted in both common law and statute to maintain a reasonably safe workplace, Defendant CDS could properly name it and its plant manager as nonparties at

fault. (Report and Recommendation at 11).

Plaintiff Sarazin objects and claims that the Magistrate Judge erred in relying upon *Richardson* and *Schmeling* because they are unpublished cases and have no precedential value. Plaintiff Sarazin's argument lacks merit. Here, the Magistrate Judge explicitly acknowledged that *Richardson* and *Schmeling* are "unpublished and, thus not binding on this Court". (Report and Recommendation at 10). The Court further agrees with the Magistrate Judge that Defendant CDS's argument, as well the reasoning of the *Richardson* and *Schmeling* decisions, is persuasive on the issue. Indeed, the *Schmeling* decision is particularly compelling, because, while it is non-binding on this Court, the opinion was issued by the Michigan Court of Appeals and addresses the very same issue.

Moreover, the Court finds that the *Romain* decision did not disturb *Kopp's* holding that the Michigan comparative fault statutes, § 600.2957 and § 600.6304, require that a judge or jury must first make findings of fact regarding the total amount of a plaintiff's damages and "then determine the percentage of the total fault of each person who contributed to the injury, 'regardless of whether the person was or could have been named as a party to the action.'" *Kopp*, 268 Mich. App. at 260 (citation omitted). Here, the Magistrate Judge's finding that Plaintiff Sarazin's employer and coworker owed her a duty and therefore are properly listed as nonparties at fault is in harmony with that undisturbed portion of *Kopp* as well as *Romain*. Accordingly, the Magistrate Judge's decision properly applied Michigan case law and Plaintiff Sarazin's objection that it was error for the Magistrate Judge to rely upon unpublished case law is denied.

Plaintiff Sarazin also appears to object to the Magistrate Judge's finding that "Michigan employers owe duties to their employees, grounded in both statutory and common law, including for example, to provide safe workplaces, free from hazards that likely will cause serious physical harm." (Report and Recommendation, at 11) (citing Michigan Occupational Safety and Health Act ("MIOSHA"), MICH COMP. LAWS § 408.1011(a) and *Villar v. E.W. Bliss*, 134 Mich. App. 116 (1984) (collecting cases)). Plaintiff Sarazin contends that Defendant CDS cannot establish Plaintiff Sarazin's employer or her coworker owed her a statutory duty under MIOSHA because "[d]uty is defined as conduct that an individual must take to avoid becoming subject to liability to another for injuries sustained." (ECF No. 44, Pl.'s Reply at 2, citing Restatement Second Torts § 4). Plaintiff Sarazin reasons that because there are no actions that an employer can take to avoid liability under MIOSHA, an employer does not owe its employees any "duty". (Pl.'s Reply at 2). Further, Plaintiff Sarazin claims that her employer and coworker did not owe her any common law duty because the cases cited, e.g., *Villar*, are distinguishable or predate the WDCA. (*Id*.).

The Court finds Plaintiff Sarazin's arguments are unpersuasive and off the mark in light of case law illustrating that Michigan court's have generally recognized both a common law and statutory duty owed by an employer to its employees. Specifically, the Michigan Supreme Court has explained this duty in conjunction with the WDCA framework:

> *[w]orkplace safety, at common law and under MIOSHA, is the responsibility of the workers' employer ....* There is, however, generally no tort liability for failure to measure up to that responsibility. The employer, as a trade-off for the obligation to secure the payment of workers' compensation benefits, is relieved of tort liability under the provision of the workers' compensation act that makes a claim for workers compensation the injured workers' exclusive remedy against the employer.

9

*White v. Chrysler Corp.*, 421 Mich. 192, 199 (1984) (emphasis added); *see also Ghrist v. Chrysler Corp.*, 451 Mich. 242, 250 (1996) (acknowledging that "an employer has a statutorily imposed duty to make the workplace safe for its employees" but finding MIOSHA does not "abrogate the general duty of a manufacturer to exercise the degree of care necessary in the design and manufacture of a product to avoid all reasonably foreseeable injuries."); *see also Villar*, 134 Mich. App. at 120 n. 1 (recognizing that Michigan courts had long recognized that "as a matter of common law, an employer has a duty to maintain a reasonably safe workplace.") (collecting cases). As the court in *Schmeling* explained, "a person *can* owe a duty to a plaintiff even when the plaintiff cannot recover any remedy from that person." *Schmeling*, 2011 WL 520539, at *2 (emphasis in original). The Court agrees with the Magistrate Judge that this interpretation is consistent with the Michigan comparative fault statutes' plain language that requires the trier of fact to allocate liability among all persons found to at fault "regardless of whether the person is, or could have been, named as a party to the action." MICH. COMP. LAWS § 600.2957(1).

## IV. CONCLUSION

For all these reasons, the Court denies Plaintiff's Objection to Magistrate Judge's March 25, 2014 Order (ECF No. 42) and affirms the Magistrate Judge's March 25, 2014 Order (ECF No. 41).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 17, 2014.

                s/Deborah Tofil
                Case Manager